No. 14,085.

STATE OF LOUISIANA VS. JOHN LOVE.

SYLLABUS.

Under an indictment for rape, a verdict of "guilty of assault with attempt to commit rape," is responsive to the charge of assault contained in the charge of rape, and is in consequence a good verdict for assault. The words "with attempt to commit rape," do not, under the decisions of this court, convey the meaning of, with intent to commit rape, and are meaningless as qualifying the verdict for assault, and in consequence are mere surplusage.

APPEAL from the Ninth Judicial District, Parish of East Carroll. —*Ransdell, J.*

*Walter Guion*, Attorney General, and *David M. Evans, Jr.*, (*Lewis Guion*, of Counsel), for Plaintiff, Appellee.

*Charles S. Wyly*, for Defendant, Appellant.

The opinion of the court was delivered by
PROVOSTY, J.   The accused was tried for rape, and the jury returned against him a verdict of "guilty of assault with attempt to commit rape." The judge taking this verdict to be equivalent to one of guilty of assault with intent to commit rape, imposed on the prisoner a sentence of fifteen years in the penitentiary. The prisoner assigns as error that the judge misinterpreted the verdict; that it was a good verdict for assault, but not for assault with intent to commit rape. The interpretation adopted by the judge is in opposition to the decision of this court in the case of State vs. Hearsey, 50 Ann. 373, and the sentence must be set aside; but is the accused well founded in his contention that the verdict is a good one for assault? He contends that it is, because, he says, the words, "with attempt to commit rape," must be treated as mere surplusage. If these words are not the equivalent of the words, with intent to commit rape, then they are meaningless in qualifying the verdict, for they must mean that or nothing; it is not possible to assign to them any other meaning; if meaningless in qualifying the verdict, they are mere surplusage. In the Heasey case we thus held them to be meaningless to qualify the verdict, and as a consequence we must now hold them to be meaning-

less and mere surplusage. Such being the case the verdict was a good one for assault, and the judge should have passed sentence accordingly.

It is therefore ordered, adjudged and decreed, that the sentence herein be set aside, and that this case be remanded to the lower court to be proceeded with according to law, with instructions to the judge *a quo* to pass sentence on the prisoner as for assault.